UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT AVILA, JR., | Case No. 1:18-cv-01073-NONE-JDP |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DENY THE PETITION FOR A WRIT OF HABEAS CORPUS AND TO DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY |
| v. | |
| STUART SHERMAN, | |
| Respondent. | OBJECTIONS DUE WITHIN THIRTY DAYS |
| | ECF No. 1 |

Petitioner Robert Avila, Jr., a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. He offers three grounds for why habeas relief is warranted: first, he argues that a jury instruction allowing "propensity" evidence violated his right to due process, *see id*. at 19; second, he contends that it was error to instruct the jury that evidence of uncharged crimes could be proved by a preponderance of the evidence, *see id*. at 26; and third, he argues that he was denied his right to be present at all critical stages of the trial because he was absent during a readback of the victim's testimony, *see id*. at 32. All three issues were raised and rejected on the merits in the California Court of Appeal, *see* Lodged Doc. No. 18, and the California Supreme Court denied the petition for review without comment. Because these

decisions were not contrary to clearly established federal law or based on an unreasonable determination of the facts, s*ee* 28 U.S.C. § 2254(d), we recommend that the court deny the petition and decline to issue a certificate of appealability.

## I.     Background

We set forth below the basic facts of the underlying offenses, as summarized by the California Court of Appeal.  A presumption of correctness applies to these facts.  *See* 28 U.S.C. § 2254(e)(1); *Crittenden v. Chappell*, 804 F.3d 998, 1010-11 (9th Cir. 2015).

> Defendant Robert Avila, Jr., was charged with seven counts of committing a lewd or lascivious act upon D.B.,1 a child under 14 years of age (Pen. Code,§ 288, subd. (a) [counts 1-7]); and 11 counts of committing a forcible act of sexual penetration upon D.B. (id.,§ 289, subd. (a) [counts 8-18]).  Later, at the prosecution's request, counts 16 through 18 were dismissed.  The information alleged that defendant perpetrated the offenses underlying counts 1 through 7 between January 1988 and July 18, 1988, when D.B. was 13 years old; and perpetuated the offenses underlying counts 8 through 15 between August 1988 and November 1989, when D.B. was at least 14 years old.  The information also alleged that the special supplementary statute of limitations for certain sex crimes against minors (id.;·§ 803, subd. (f)(l)) controlled.
>
> The jury found defendant guilty as charged.  In a bifurcated proceeding, the trial court deemed the criminal action timely under Penal Code section 803, subdivision (f)(l).  Defendant received an aggregate sentence of 84 years: eight years on each of counts 1 and 8 through 15; and two years on each of counts 2 through 7.

Lodged Doc. No. 18 at 2.

## II.    Discussion

### *General Federal Habeas Legal Standards*

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law.  *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).  Section 2254 of Title 28, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs a state prisoner's habeas petition.  *See Harrington v. Richter*, 562 U.S. 86, 97 (2011).  To decide a § 2254 petition, a federal court examines the decision of the last state court that issued a reasoned opinion on petitioner's habeas claims.  *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).  We must defer to that decision and cannot grant habeas relief for any claim that was adjudicated on the merits in the state proceeding unless it was contrary to

clearly established federal law or based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).

If obtaining habeas relief under § 2254 is difficult, "that is because it was meant to be." *Richter*, 562 U.S. at 102. As the Supreme Court has put it, federal habeas review "disturbs the State's significant interest in repose for concluded litigation, denies society the right to punish some admitted offenders, and intrudes on state sovereignty to a degree matched by few exercises of federal judicial authority." *Id*. at 103 (citation omitted). Our habeas review authority serves as a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id*. at 102-03 (emphasis added).

***Petitioner's First Claim: The Constitutionality of "CALCRIM No. 1191"***

Petitioner first claims that one of the jury instructions used in his case, "CALCRIM No. 1191," was an unconstitutional violation of due process. *See* ECF No. 1 at 19. This instruction allowed the jury to consider evidence of uncharged sex offenses to find that a criminal defendant had a propensity to commit the charged act. *Id*.[1] On direct appeal, the California Court of Appeal considered and rejected this claim, noting that it was bound by a decision of the California Supreme Court that rejected a similar due process challenge to the California Rule of Evidence on which the jury instruction was based. *See* Lodged Doc. No. 18 at 11; *see also People v. Falsetta*, 21 Cal. 4th 903, 922 (1999) ("We conclude, consistent with prior state and federal case law, that section 1108 [the relevant section of the state evidence code] survives defendant's due process challenge.").

Petitioner contends that *Falsetta* itself is unconstitutional. *See* ECF No. 1 at 21. But this argument fails: petitioner has not shown that his state proceeding (bound by *Falsetta*) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, *as determined by the Supreme Court of the United States*." 28 U.S.C. § 2254(d)(1)

---

[1] As an illustration, part of the jury instruction stated: "If you decide that the defendant committed the uncharged offenses, you may, but are not required to, conclude from that evidence that the defendant was disposed or inclined to commit sexual offenses, and based on that decision, also conclude that the defendant was likely to commit and did commit Lewd and Lascivious Acts with a Child under the age of 14 and Sexual Penetration by Force, as charged here." ECF No. 1 at 19.

3

(emphasis added). Petitioner cites no holding of the Supreme Court suggesting that the instruction at issue or the California Supreme Court's decision in *Falsetta* are unconstitutional. Indeed, as petitioner acknowledges, the Supreme Court has expressly withheld judgment on that question. *See* ECF No. 1 at 21; *see also Estelle v. McGuire*, 502 U.S. 62, 75 n.5 (1991) ("[W]e express no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime."). For this reason, the Ninth Circuit has repeatedly affirmed decisions denying habeas petitions in similar contexts. *See, e.g.*, *Delira v. Runnels*, 213 F. App'x 580, 581 (9th Cir. 2006) ("The admission of [propensity] evidence was not contrary to, nor an unreasonable application of, clearly established federal law, as the Supreme Court has not ruled on the question whether propensity evidence violates the Due Process Clause."); *Salazar v. Galaza*, No. 04-17063, 2005 WL 3113475, at *1 (9th Cir. 2005) ("The California Court of Appeal's determination that the jury instructions regarding prior sexual offenses did not violate Salazar's due process rights is not contrary to clearly established federal law."); *Turner v. Mayle*, 84 F. App'x 866, 868 (9th Cir. 2003) ("Turner claims that California Evidence Code § 1108 violates due process by allowing admission of evidence of prior sexual crimes . . . . We reject this argument because the Supreme Court has explicitly left open the question of whether the admission of evidence of other crimes solely to prove propensity violates due process."). Here, likewise, the Court of Appeal's decision on propensity issue was not contrary to clearly established federal law, and we have no authority to second-guess it.

### *Petitioner's Second Claim: The Burden of Proof*

Petitioner's second claim is related to the first: he argues that, by instructing the jury that uncharged crimes could be proved by a preponderance of the evidence and used as evidence for a propensity to commit the charged crimes, the jury instructions violated his right to have the charged crimes proved beyond a reasonable doubt. *See* ECF No. 1 at 26. The California Court of Appeal considered this claim and rejected it on the merits, holding that it was not "reasonably likely" that "a jury could interpret the instructions to authorize conviction of the charged offenses based on a lowered standard of proof"—that is, lower than beyond a reasonable doubt. Lodged

4

Doc. No. 18 at 16 (citations and international quotations omitted); *see also Boyde v. California*, 494 U.S. 370, 380 (1990) (describing this "reasonable likelihood" standard for evaluating a claim that a jury instruction is ambiguous and prone to an unlawful interpretation).

We agree with the California Court of Appeal. The trial court gave two instructions that are relevant here. The first was CALCRIM No. 220, which generally described the beyond-a-reasonable doubt standard:

> The fact that a criminal charge has been filed against . . . defendant is not evidence that the charge is true. You must not be biased against . . . defendant just because he has been arrested, charged with a crime[,] or brought to trial. A defendant in a criminal case is presumed to be innocent. **This presumption requires that the People prove a defendant guilty beyond a reasonable doubt**.
>
> Whenever I tell you the People must prove something, I mean they must prove it beyond a reasonable doubt unless I specifically tell you otherwise. Proof beyond a reasonable doubt leaves you with an abiding conviction that the evidence is true. The evidence need not eliminate all possible doubt because everything in life is open to some possible or imaginary doubt.
>
> In deciding whether the People have proved their case beyond a reasonable doubt, you must impartially compare and consider all the evidence that was received throughout the entire trial. Unless the evidence proves . . . defendant guilty beyond a reasonable doubt, he is entitled to an acquittal and you must find him not guilty.

Lodged Doc. No. 18 at 14 (emphasis added). The second was CALCRIM No. 1191, the "uncharged offenses" instruction to which petitioner objects above:

> The People presented evidence that . . . defen[dant] committed [sex] crime[s] . . . that were not charged in this case. . . . You may consider this evidence only if the People have proved by a preponderance of the evidence that . . . defendant, in fact, committed the uncharged offenses.
>
> Proof by a preponderance of the evidence is a different burden of proof from proof beyond a reasonable doubt. A fact is proved by a preponderance of the evidence if you conclude that it is more likely than not that the fact is true. If the People have not met this burden of proof, you must disregard this evidence entirely.
>
> If you decide that . . . defendant committed the uncharged offense[s], you may, but are not required to . . . conclude from that evidence that . . . defendant was disposed or inclined to commit sexual offenses, and based on that decision[,] also conclude that . . . defendant was likely to commit, and did commit, lewd and

>lascivious acts with a child under the age of 14, and sexual penetration by force[,] as charged here.  If you conclude that . . . defendant committed the uncharged offenses, that conclusion is only one factor to consider, along with all the other evidence.  It is not sufficient by itself to prove that . . . defendant is guilty of lewd and lascivious acts with a child under the age of 14, or sexual penetration by force.  **The People must still prove each charge beyond a reasonable doubt**.

Lodged Doc. No. 18 at 15 (emphasis added).  These instructions do not create a reasonable likelihood of misinterpretation by the jury.  On the contrary, the instructions explain that, even if the jury concludes that the defendant was disposed to commit sexual offenses, the charged offenses must be proved beyond a reasonable doubt—as the federal Constitution requires.  *See In re Winship*, 397 U.S. 358, 364 (1970).  The California Court of Appeal violated no federal law in concluding that the instructions in this case complied with this federal constitutional requirement.  *See also Schultz v. Tilton*, 659 F.3d 941, 945 (9th Cir. 2011) (holding that a similar[2] California jury instruction "in no way suggests that a jury could reasonably convict a defendant for charged offenses based merely on a preponderance of the evidence").

### *Petitioner's Third Claim: Required Presence at Trial's Critical Stages*

Petitioner's third and final claim is that the trial court denied him his constitutional right to be present at all critical stages of the trial by allowing a readback of the victim's testimony when he was not in the courtroom.  ECF No. 1 at 32; *see also Rushen v. Spain*, 464 U.S. 114, 117 (1983) (recognizing a criminal defendant's right to be present at all "critical stages" of a trial, but not enumerating these stages in detail).  Defense counsel was present and agreed to waive his client's presence.

The California Court of Appeal considered this claim on the merits and rejected it, observing that the United States Supreme Court has never held that a testimony readback is a "critical stage" of trial at which a defendant must be present, and that the California Supreme

---

[2] The instruction at issue in *Schultz* said, in relevant part: "[I]f you find by a preponderance of the evidence that the defendant committed prior sexual offenses, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes.  If you determine an inference properly can be drawn from this evidence, this inference is simply one item for you to consider, along with all other evidence, in determining whether the defendant has been proved guilty beyond a reasonable doubt of the charged crime."  659 F.3d at 943.

Court had repeatedly held that it is not. *See* Lodged Doc. No. 18 at 26. The Court of Appeal was correct: The United States Supreme Court has indeed never held that a readback is critical stage at which a defendant must be present. *See, e.g.*, *La Crosse v. Kernan*, 244 F.3d 702, 708 (9th Cir. 2001) ("The Court . . . has never addressed whether readback of testimony to a jury is a 'critical stage of the trial' triggering a criminal defendant's fundamental right to be present."). A defendant has the right "to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *Snyder v. Massachusetts*, 291 U.S. 97, 105-06 (1934). Given the lack of Supreme Court precedent on point, a reasonable jurist may think that the desire to be present at a testimony readback did not implicate such a fundamental right—the testimony had already been offered, and defendant already had a chance to confront the witness. The California Court of Appeals thus did not produce "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2253(d)(1); *see also La Crosse*, 244 F.3d at 708 ("Given the divergence of opinion on this issue and the lack of clear guidance from the United States Supreme Court, we cannot say that the California court's determination [that defendant did not need to be present during readback] was contrary to or an unreasonable application of clearly established federal law.").

### III.     Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing § 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000).  Here, petitioner has not made a substantial showing of the denial of a constitutional right.  Thus, we recommend that the court not issue a certificate of appealability.

**IV.     Findings and Recommendations**

The court should deny the petition for a writ of habeas corpus, ECF No. 1, and decline to issue a certificate of appealability.  These findings and recommendations are submitted to the U.S. District Court judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    June 8, 2020                                   _____
                                                         UNITED STATES MAGISTRATE JUDGE

No. 205.