UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT AVILA, JR., | No. 1:18-cv-01073-NONE-JDP |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PETITION |
| v. | |
| STUART SHERMAN, | (Doc. No. 13) |
| Respondent. | |

Petitioner Robert Avila, Jr., a state prisoner, brought the instant habeas petition *pro se* under 28 U.S.C. § 2254 to challenge his state conviction for lewd or lascivious and sexual penetration upon a minor. (Doc. No. 1 at 37.) Similar habeas petitions were filed by petitioner with the California Court of Appeal and the California Supreme Court—both were denied. (*Id.* at 3, 36-37, 62.) As was the case with his habeas petitions filed in state court, the instant federal petition also raises the same three grounds for relief. (*Id.* at 6, 8-9, 36-37.) First, petitioner claims his due process rights were violated when the jury at his trial in state court was instructed that they may decide whether to draw propensity from evidence of petitioner's uncharged sex offenses. (*Id.* at 6, 37.) Second, petitioner argues that the jury was also improperly instructed that uncharged sex offenses may be proven by a preponderance of the evidence. (*Id.* at 8, 37.) Third, petitioner claims he has a constitutional right to be present at critical stages of the trial, but was not present during a readback of trial testimony during jury deliberations. (*Id.* at 9, 37-38.)

On June 9, 2020, the assigned magistrate judge found all three grounds meritless and recommended that this petition for federal habeas relief be denied on the merits. (Doc. No. 13.) Petitioner filed objections on July 7, 2020. (Doc. No. 14.)

Having reviewed this case *de novo* pursuant to 28 U.S.C. § 636(b)(1)(C), the court concludes that the pending findings and recommendations are supported by the record and proper analysis. Most of the arguments raised in petitioner's objections are either without supporting authorities or the authorities cited by petitioner are not relevant here. (Doc. No. 14 at 2-5.) For the most part, petitioner simply re-argues the merits of his case without addressing the magistrate judge's reasoning and application of the standard of review in these federal habeas proceedings under 28 U.S.C. § 2254. As the United States Supreme Court has instructed:

> Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Harrington v. Richter*, 562 U.S. 86, 102–03 (2011). The California Court of Appeal's decision, and the California Supreme Court's denial of review, do not exemplify an "extreme malfunction in the state criminal justice system." *Id.* As the magistrate judge properly found, there were no clear violations of federal law as to any of the three grounds for relief presented here, even if petitioner's allegations and arguments were accepted as true. (Doc. No. 13.) The court agrees that the instant habeas petition should therefore be denied on the merits.

When a court denies a petition for a writ of habeas corpus, it may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

1    In the present case, the court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief wrong or debatable, and they would not conclude that petitioner is deserving of encouragement to proceed further. The court therefore declines to issue a certificate of appealability.

Accordingly, it is hereby ordered that:

1. The June 9, 2020 findings and recommendations (Doc. No. 13) are ADOPTED in full;
2. The petition is DENIED;
3. The Clerk of Court is DIRECTED to close this case; and
4. The court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **August 3, 2020**             /s/ Dale A. Drozd
                                        UNITED STATES DISTRICT JUDGE